[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11270
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cr-00388-MSS-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MATTHEW WILLIAM MCLEAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 25, 2016)

Before WILLIAM PRYOR, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Matthew McLean appeals his sentence to a term of supervised release for

life for committing a felony sex offense while required to register as a sex

offender. 18 U.S.C. § 2260A. The district court ordered that McLean's term of supervised release run concurrently with a sentence to supervised release for life for attempting to transport a minor with the intent to engage in a sexual activity, *id.* § 2423(e). McLean argues, for the first time, that his registration offense was a Class C felony, *see id.* §§ 2260A, 3559(a), for which he faced a maximum statutory penalty of three years of supervised release, *see id.* § 3583(b)(2). We affirm.

Even if the district court erred by imposing a term of supervised release for life for McLean's registration offense, that error did not warrant relief under the plain error rule. The error did not affect McLean's substantial rights because his term of supervised release remained the same regardless of the error. *See United States v. Cartwright*, 413 F.3d 1295, 1300–01 (11th Cir. 2005) ("[P]lain error affects . . . substantial rights . . . [only if] the error actually did make a difference." (internal quotation marks and citation omitted)). McLean concedes that the district court committed no error in sentencing him to a term of supervised release for life for his offense under section 2423(e). McLean argues that he could face "up to two years [of imprisonment] . . . [s]hould" the district court revoke his supervised release, but "where the effect of an error on the result in the district court is uncertain or indeterminate—where we would have to speculate—the appellant has not met his burden of showing . . . that his substantial rights have been affected,"

2

*United States v. Rodriguez*, 398 F.3d 1291, 1301 (11th Cir. 2005).

We **AFFIRM** McLean's sentence.